UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DAVID S. PITTINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:14-cv-00397 |
| | ) REEVES/SHIRLEY |
| GREAT SMOKY MOUNTAIN | ) |
| LUMBERJACK FEUD, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff brought this action against his former employer alleging retaliation under Title VII and the Tennessee Human Rights Act. After a four-day trial, the jury found in favor of plaintiff and awarded him $10,000 in back pay, but allowed nothing for compensatory or punitive damages. This matter is before the court on the plaintiff's motion to alter/amend the judgment, or in the alternative, for a new trial on damages [R. 76]. Defendant has responded asking the court to deny the motion [R. 82].

### I. Standard of Review

Rule 59 of the Federal Rules of Civil Procedure states that a court may alter or amend a judgment or may grant a new trial on all or some of the issues. Fed.R.Civ.P. 59(a) and (e). The court may grant a new trial when a jury has reached a seriously erroneous result as evidenced by (1) the verdict being against the weight of the evidence, (2) the

damages being excessive, or (3) the trial being unfair to the moving party (*i.e.,* the proceedings were influenced by prejudice or bias). *Holmes v. City of Massillon*, 78 F.3d 1041, 1045 (6th Cir. 1996). The moving party bears the burden of demonstrating entitlement to relief, and the court must "compare the opposing proofs and weigh the evidence." *Conte v. Gen. Housewares Corp.*, 215 F.3d 628, 637 (6th Cir. 2000). The governing principle in a court's consideration of a Rule 59(a) motion is whether, in the judgment of the trial judge, such course is required in order to prevent an injustice; and where an injustice will otherwise result, the trial judge has a duty as well as the power to order a new trial. *Park West Galleries v. Hochman*, 692 F.3d 539, 544 (6th Cir. 2012). The court must grant the motion unless the verdict was one that could have reasonably been reached based on the proof at trial. *Powers v. Bayliner Marine Corp.*, 83 F.3d 789, 796 (6th Cir. 1996).

Plaintiff moves to amend the judgment, or in the alternative for a new trial on damages on the following grounds (1) his lost wages amounted to approximately $40,000; (2) he is entitled to prejudgment interest on the back pay award; and (3) he is entitled to an award of front pay because he has been unsuccessful maintaining comparable employment after his termination by defendant.

## II. Back Pay

Plaintiff seeks amendment of the award of back pay. Although the jury awarded $10,000 in back pay, plaintiff contends that he is entitled to $40,632-- the total amount of lost wages resulting from his termination by defendant. Defendant argues that plaintiff failed to present sufficient evidence at trial to warrant any revision to the amount of back

2

pay awarded by the jury. Defendant contends the jury could have considered plaintiff's extended unexplained periods of unemployment and reduced the amount of back pay demanded by plaintiff.

The goal of Title VII is to make persons whole for injuries suffered on account of unlawful employment discrimination. *Ablemarle Paper Co. v. Moody*, 422 U.S. 405, 418 (1975). Interim earnings or amounts earnable with reasonable diligence operate to reduce the back pay otherwise allowable. *Rasimas v. Mich. Dep't of Mental Health,* 714 F.2d 614, 625 (6th Cir. 1983). A plaintiff in a Title VII action has a duty to mitigate damages; he may not remain unemployed and collect a windfall. *Ford v. Nicks*, 866 F.2d 865, 873 (6th Cir. 1989). This mitigation requirement contains a general element of reasonableness – an employee is not required "to go to heroic lengths in attempting to mitigate his damages, but only to take reasonable steps to do so." *Id.* A plaintiff's diligence must be examined in light of the individual characteristics of the plaintiff and the job market. *Id.*

Once the plaintiff has presented evidence of damages, the defendant has the burden of establishing a failure to properly mitigate damages. *Id.* at 623. To satisfy this burden, the defendant must establish that substantially equivalent positions were available and that the plaintiff failed to exercise reasonable care and diligence in seeking those positions. *Id.* at 624.

Plaintiff testified that following his termination by defendant on October 8, 2012, he was unable to find work until April 2013; he was laid off in August or September 2013. He obtained his next job in May-June 2014; but left that employment in October 2014. He was unemployed until January 2015, but lost his job in September 2015 when his employer

3

went out of business. He obtained another position in October 2015 and was working at the time of trial. In closing argument, plaintiff's counsel estimated lost wages of $40,632 from October 2012 to the date of trial, less amounts earned by plaintiff during that time.

Defendant states that plaintiff's testimony consisted of the names of his employers, the dates of his employment, and his rate of pay. Plaintiff did not provide specific testimony regarding the periods of time he was unemployed or his efforts to find employment during those periods other than to state that he "looked for work." [R. 74, pg 2535]. Plaintiff submitted no documentation to substantiate his testimony as to his employment or the amounts he earned while employed. Nor did plaintiff provide any documentation to support the calculation of his claim for back pay. Therefore, defendant argues plaintiff failed to provide the jury with necessary information needed to determine his damages or to establish his damages with "reasonable certainty." The court agrees.

The finding that a plaintiff has/has not exercised reasonable diligence in seeking other suitable employment is an issue of fact for the jury. *Rasimus*, 714 F.2d at 623. At trial, the parties stipulated to the following jury instruction:

> The plaintiff has a duty to mitigate, which means to avoid or reduce damages. The parties stipulate that Mr. Pittington fully mitigated his damages as of October 12, 2015. Thus, any damages awarded in the form of back pay should not go beyond October 12, 2015, as this is the date that Mr. Pittington obtained a new job of like kind, status, and pay.

This instruction left it up to the jury to decide whether plaintiff attempted to mitigate his damages. In closing argument, defense counsel stated:

> They talked about the money damages. I hope we don't get to this part of the case; but if we do, the plaintiff has a duty to mitigate. And one thing that stuck out as the plaintiff was talking about damages, did you hear the time

4

> period of 35 weeks unemployed? Pigeon Forge? That's a long time to not get a job in Pigeon Forge. Fifty-two weeks in a year. That means only 17 weeks employed that year. There's a duty to mitigate. There's a duty to get a job. So do you have to award all the pack pay they're seeking? No.

[R. 74, pg 2634]. The jury was well aware of its duty in this area and proceeded to limit the back pay award to $10,000, which is approximately what plaintiff would have earned from the time he was terminated in October 2012, until he obtained employment in April 2013. It is not unreasonable to assume the jury took the lack of specific evidence and plaintiff's extended periods of unemployment into consideration in determining the amount of back pay to be awarded. The court does not find that the clear weight of the evidence is opposed to the jury's findings on this issue. In cases where a jury's verdict could reasonably be reached, the court has no duty to intervene and the jury's verdict should be accepted. *Conte*, 215 F.3d at 638. Accordingly, plaintiff's motion to alter the jury's award of back pay is **DENIED.**

### III. Prejudgment Interest

Plaintiff asks the court to award him prejudgment interest on the back payment award. Although defendant objects to an award of prejudgment interest, defendant responds that if the court finds an award of prejudgment interest appropriate in this case, the court should apply the post-judgment rate set forth in 28 U.S.C. § 1961(a) rather than state law. *See Krystal Co. v. Caldwell*, 2012 WL 876793.

An award of prejudgment interest is an element of complete compensation in a Title VII back pay award. *EEOC v. Wilson Metal Casket Co.*, 24 F.3d 836, 841 (6th Cir. 1994). Prejudgment interest helps make victims of discrimination whole and compensates them

5

for the true cost of money damages they incurred. *Id.* Under Tennessee law, the award of prejudgment interest is an equitable decision that is left to the sound discretion of the trial court. *See* Tenn. Code Ann. § 47-14-123.

On review, the court finds that plaintiff is entitled to prejudgment interest on the back pay award under both federal and state law. Thus, plaintiff's motion for an award of prejudgment interest is **GRANTED.**

At trial, plaintiff did not offer any evidence to support a specific rate of interest on his claim. Under federal law, the rate of interest is left to the discretion of the trial court. *See United States v. City of Warren*, 138 F.3d 1083, 1096 (6th Cir. 1998). The court concludes that because this case involved a federal question, the court will exercise its discretion and apply the interest rate in 28 U.S.C. § 1961 rather than state law. The court finds that plaintiff's request for interest at the effective rate of 10% per annum, which is permissible under Tennessee law, would be a windfall, particularly in light of the low rates of interest and inflation over the relevant period.

Plaintiff's motion fails to specify whether any award of prejudgment interest should be compound or simple interest. Under federal law the decision of whether to award simple or compound interest is in the discretion of the trial court, although the Sixth Circuit has noted that compound interest would compensate the victim more fully. *See EEOC v. Kentucky State Police Dep't*, 80 F.3d 1086, 1098 (6th Cir. 1996). Defendant states that should the court determine that an award of prejudgment is appropriate, defendant does not object to such interest compounded as set forth in 28 U.S.C. § 1961(b). Accordingly, plaintiff is **AWARDED** compound interest on the award of $10,000 in back pay at the rate

6

used for post-judgment interest under 28 U.S.C. § 1961, calculated from the date of his termination, October 8, 2012, until the date judgment was entered in this case, March 11, 2016.

### IV. Front Pay

Plaintiff moves the court for an award of front pay. Although plaintiff admits he is making more money now than he did before his termination, he states that maintaining suitable work in the Pigeon Forge theater industry is uncertain. Defendant contends that plaintiff has waived his right to an award of front pay as to his Title VII claim by his failure to request an instruction to the jury and to specifically reserve the issue of front pay as to his THRA claim to the court. Contrary to defendant's argument, plaintiff states the court discussed with the parties that the issue of front pay would be addressed by the court post-verdict. Plaintiff avers that this exchange precipitated an agreement among the parties and the court that all issues of front pay were reserved for post-trial determination. Plaintiff requests the court exercise its discretion to afford him complete relief by crafting an award of front pay.

Courts generally award front pay when reinstatement is inappropriate or infeasible. *Schwartz v. Gregori*, 45 F.3d 1017, 1022 (6th Cir. 1995). Determination of when to award front pay is within the discretion of the trial court. *Id.* In awarding front pay, the court considers the following factors – (1) the employee's future in the position from which he was terminated; (2) his work expectancy; (3) his obligation to mitigate his damages; (4) the availability of comparable employment opportunities and the time reasonably required to find substitute employment; (5) the discount tables to determine the present value of

7

future damages; and (6) other factors that are pertinent in prospective damage awards. *Suggs v. ServiceMaster Educ. Food Mgmt*, 72 F.3d 1228, 1234 (6th Cir. 1996). The court is also authorized to award equitable relief under the THRA. *See Michael v. Windsor Gardens, LLC*, 2005 WL 1320189 at *2 (E.D.Tenn. Jun. 2, 2005). Although reinstatement is the presumptively favored equitable remedy, it is not appropriate in every case, such as where the plaintiff has found other work. *See Roush v. KFC Nat'l Mgmt Co.*, 10 F.3d 392, 398 (6th Cir. 1993).

Here, the record simply does not support any award of front pay in any amount. Reinstatement is not possible because defendant ceased operations when the business was sold in December 2015. The court notes that plaintiff was only employed with defendant from June 2012 until October 2012, approximately four months. Next, plaintiff admits that he is making more money now than he did when he was employed by defendant. This fact alone is sufficient to deny any award of back pay. *See Roush*, 10 F.3d at 400. Although plaintiff points to the uncertainty of maintaining employment in the theater industry in Pigeon Forge, he has been employed by his current employer since October 2015, approximately 18 months, far longer than he was employed by defendant. Based on these facts, the court concludes that front pay is not appropriate in this case. Accordingly, the court finds no basis upon which to award front pay and plaintiff's motion for front pay is **DENIED**.

## V. Conclusion

In light of the above discussion, plaintiff's motion to alter/amend the judgment, or the alternative for a new trial on the issue of damages [R. 76] is **GRANTED in part and**

**DENIED in part**: plaintiff's motion for prejudgment interest is **GRANTED,** and plaintiff is **AWARDED** compound interest on the award of $10,000 in back pay at the rate used for post-judgment interest under 28 U.S.C. § 1961, calculated from the date of his termination, October 8, 2012, until the date judgment was entered in this case, March 11, 2016. Plaintiff's motion for new trial on damages, including back pay and front pay, is **DENIED.**

**IT IS SO ORDERED.**

_/s/ Pamela L. Reeves_
**UNITED STATES DISTRICT JUDGE**