# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

DAVID PITTINGTON,          )

         )

        Plaintiff,         )

         )

v.          )   No.  3:14-cv-00397

         )      REEVES/SHIRLEY

GREAT SMOKY MOUNTAIN          )

LUMBERJACK FEUD, LLC,          )

         )

        Defendant.         )


## MEMORANDUM AND ORDER


On August 7, 2017, the Honorable C. Clifford Shirley, United States Magistrate Judge, filed a 20-page Report and Recommendation [R. 97], in which he recommended that Pittington's motion for attorney fees and litigation expenses [R. 78] be granted in part and denied in part. Specifically, the magistrate judge recommended that Pittington's motion for attorney fees be reduced to $98,526.67, and his motion for litigation expenses be reduced to $3,330.10.

This matter is before the Court for consideration of Pittington's objections [R. 98] to the Report and Recommendation. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., the Court has now undertaken a *de novo* review of those portions of the Report and Recommendation to which Pittington objects. For the reasons that follow, the Court finds Pittington's objections without merit and the objections will be overruled.

Pittington sued his former employer, defendant Great Smoky Mountain Lumberjack Feud, alleging violations of the Americans with Disabilities Act (ADA), Title VII, and the Tennessee Human Rights Act (THRA). Pittington sought back pay, front pay, compensatory damages, non-pecuniary damages, punitive damages, and post-judgment interest, not to exceed $225,000. The case proceeded to trial before a jury. The court granted defendant's motion to dismiss the ADA claims. The jury returned a verdict in plaintiff's favor on the Title VII and THRA claims and awarded Pittington $10,000 in back pay damages, but no other damages. Following trial, Pittington filed a motion to amend the judgment or for a new trial on the issue of damages. The court granted the motion in part to allow prejudgment interest, but denied Pittington's request for a new trial on damages.

Pittington moves for an award of $163,443.00 in attorney fees and litigation costs of $12,051.28. As stated above, the magistrate judge recommended cutting the attorney fee award to $98,526.67, and the litigation costs award to $3,330.10. Pittington does not object to the magistrate judge's $11,843.50 reduction of the attorney fee amount related to the proration of time spend on his wife's lawsuit nor the reduction of expenses. Pittington only objects to the magistrate judge's 35% reduction of the attorney fee award attributable to the "limited success" at trial. Pittington argues that this reduction is not warranted given his successful jury verdict. He also argues that the reduction is not warranted if he prevails on his appeal to the Sixth Circuit of the court's order denying his motion for a new trial on the issue of damages.

As noted by the magistrate judge, the reasonableness of the hours expended and the rate charged therefore is determined by considering twelve factors: (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases." *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005). The most critical factor in determining the reasonableness of a fee award is the degree of success obtained. *Id.*

The magistrate found that, although Pittington succeeded on this Title VII and THRA claims, he was only awarded back pay in the total amount of $10,000.00. The jury did not award Pittington any front pay, compensatory damages, non-pecuniary damages, or punitive damages. In addition, the court directed a verdict in favor of defendant on his ADA claim. Based on these results, the magistrate judge found that Pittington was not entitled to the full amount of attorney fees requested. The court agrees.

Case law is clear that a plaintiff's degree of success is a factor to be considered in determining a fee award. *Id.* at 415-16. Pittington's argument ignores the fact that he was awarded only one-fourth of the back pay he claimed. The jury failed to award him any front pay, compensatory damages, or punitive damages. In ruling on Pittington's motion for new trial on the issue of damages, the court found it was not unreasonable to assume the

3

jury took the lack of specific evidence and Pittington's extended periods of unemployment into consideration in determining the amount of back pay awarded.  In light of the jury's verdict, the court agrees with the magistrate judge that to award the full amount requested (approximately sixteen times the damages awarded) would be excessive considering Pittington's limited success on the merits of his claim.

The court will not entertain the parties' arguments relating to settlement offers and negotiations.  A plaintiff's settlement strategy or settlement offers are not identified as one of the twelve factors to be considered in the determination of a reasonable fee award. *See Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983).

Finally, Pittington's appeal of the court's order affirming the jury award of damages has no bearing on the determination of fees.  The factors considered by the court in making a fee determination do not include the possibility of a successful appeal by a plaintiff resulting in an increased damage award.  *Isabel*, 404 F.3d at 416.  Pittington has cited no authority allowing the court to award fees based on what might happen in the appellate court.  Lastly, the court found Pittington's arguments for an increased damages award to be without merit.

After a careful review of the record, the Court is in complete agreement with the magistrate judge's recommendation that Pittington's motion for attorney fees and litigation expenses be reduced.  Accordingly, the court **ACCEPTS IN WHOLE** the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b).  It is **ORDERED**, for the reasons stated in the Report and Recommendation, which the court adopts and incorporates into its ruling, that Pittington's objections to the R&R [R. 98] are

**OVERRULED;** his motion for attorney fees and expenses [R. 78] is **GRANTED** to the extent that Pittington is awarded attorney fees of $98,526.67 and litigation expenses of $3,330.10. In all other respects the motion is **DENIED.**

Enter:

_____
**UNITED STATES DISTRICT JUDGE**